**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                  No. CIV 01-1225 BB/RLP

$230,766.45 IN U.S. CURRENCY
(DOMESTIC PROPERTY), ET AL.,

        Defendants,

AND

ANTONIUS M. HEIJNEN, LIZA PERRAGLIO,
AND RUWACH INTERNATIONAL LTD.,

        Claimants.

**MEMORANDUM OPINION AND ORDER GRANTING SUMMARY JUDGMENT**

On March 18, 2003 this Court issued an opinion and order (Doc. 87) dismissing two claimants, Heijnen and Perraglio, as parties to this case. The Court also ordered the remaining claimant, Ruwach International, to obtain representation by a licensed attorney and file a response to Plaintiff's motion for summary judgment. According to the Court's opinion and order, if Ruwach failed to file such a response, through a licensed attorney, within thirty days, the motion for summary judgment would be granted.

Ruwach has not filed a response to the motion. Instead, Heijnen and Perraglio have filed a motion to dismiss this case with prejudice (Doc. 89) and a motion to strike the March 18 opinion issued by this Court (Doc. 92). Heijnen also purports to act as pro se counsel for Ruwach International, and has signed the motions in that capacity. The Court will treat these motions as a

request to reconsider the March 18 opinion and order. Finding no merit in the request, as discussed below, the Court will deny the motions and grant Plaintiff's motion for summary judgment.

Claimants Heijnen, Perraglio, and Ruwach ("Claimants") have raised a number of arguments in support of their motions. None of these arguments has any merit whatsoever. For example, Claimants maintain this entire case was transferred to Judge Downes, a visiting District Judge, when Judge Downes was designated to preside over the scheduled trial. According to Claimants, the transfer of the case to Judge Downes divested this Court of any authority to rule on the pending motion for summary judgment. The problem with Claimants' argument is that the entire case was not transferred to Judge Downes. The minute order notifying Claimants that Judge Downes would preside over the trial, sitting by designation, says nothing about a transfer of the entire case. Claimants argue, without citing any authority, that it is "generally known" that when a case is assigned for trial to a different judge, "all open motions are transferred as well" and cannot be ruled on by the assigning judge. This is simply false. The case was assigned to Judge Downes for trial only. This Court had authority to rule on the pending motions, and did so. Claimants' arguments are therefore without merit.

Claimants also maintain that Heijnen was authorized, in the initial pretrial report, to act as pro se counsel for Ruwach. Since the pretrial report is considered an order of this Court, Claimants contend the Court recognized Heijnen as counsel for Ruwach and could not withdraw such recognition. There are two flaws in this argument. First, this Court has the power to reconsider any prior, interlocutory orders, and has the duty to correct any errors of law that might have been made in such earlier orders. *Unioil v. Elledge (In re Unioil)*, 962 F.2d 988, 993 (10th Cir.1992); *Anderson v. Deere & Co.*, 852 F.2d 1244, 1246 (10th Cir.1988). Any error made in the initial pretrial report,

2

considering Heijnen's authority to represent Ruwach on a pro se basis, was therefore subject to correction and was properly corrected by this Court. In addition, this Court does not have authority to override the explicit rulings of the Tenth Circuit and the Supreme Court, both of which have held repeatedly that a corporation can appear in federal courts only through licensed counsel. *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993); *U.S. v. High Country Broadcasting Co., Inc.,* 3 F.3d 1244, 1245 (9th Cir. 1993); *cf. DeVilliers v. Atlas Corp.*, 360 F.2d 292, 294 (10th Cir. 1966). Any ruling contrary to the Supreme Court's and Tenth Circuit's decisions would be legally erroneous and correction of the error would be required.

Claimants also complain about the fact that no written order was issued vacating the trial that had been scheduled in this case. Claimants do not deny they received oral notice that the trial would not be held. Furthermore, even if such oral notice had not been provided, since the March 18 opinion dismissed Heijnen and Perraglio as parties, and required Ruwach to file a response to the summary-judgment motion, it should have been obvious to Claimants that no trial would occur.

Finally, Claimants allege this Court is biased against them, because the Court has denied all of their motions and granted all of Plaintiff's motions. Claimants' motions were denied because they had no legal merit. Plaintiff's motions were granted because they were legally meritorious. No bias has occurred in this case.

**Conclusion:** Ruwach has failed to appear through licensed counsel and has failed to file a response to the motion for summary judgment. Also, Heijnen's and Perraglio's attempts to obtain reconsideration of their dismissals from the case are without merit. Therefore, summary judgment in favor of Plaintiff is appropriate and will be granted.

## ORDER

Based on the foregoing, Plaintiff's motion for summary judgment (Doc. 31) is hereby GRANTED. Plaintiff shall prepare an appropriate order of forfeiture and inform the Court as to the necessity of any other proceedings in this matter.

Dated this 22nd day of April, 2003.

*/s/ Bruce D. Black*
BRUCE D. BLACK
United States District Judge

**ATTORNEYS**:

**For Plaintiff**:
Stephen R. Kotz

**For Claimants:**
Antonius Heijnen, pro se
Liza Perraglio, pro se